FILED
SUPERIOR COURT
OF GUAM

2018 JAN 29 PM 3: 34

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GIRLIE ANN A. BARCINAS, | ) Case No. DM0349-13 |
| | ) |
| Plaintiff, | ) **DECISION AND ORDER** |
| vs. | ) |
| CARL WICKEREMASURIYA, | ) |
| Defendant. | ) |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on January 10, 2018 upon Plaintiff Girlie Ann A. Barcinas's ("Plaintiff") Motion to Modify Custody. During the hearing, Plaintiff appeared with her attorney Daniel S. Somerfleck. Defendant Carl Wickeremasuriya ("Defendant") was not present during the hearing nor was he represented by counsel.[1] Having duly considered the parties' arguments, the record, and the applicable law, the Court now issues the following Decision and Order and grants Plaintiff's Motion to Modify Custody.

## BACKGROUND

This matter arises from a Complaint for Custody and Support ("Complaint") filed by Plaintiff on June 20, 2013. In her Complaint, Plaintiff initially requested, *inter alia*, that she be

---

[1] Defendant's former attorney appeared before the Court and notified his intention to withdraw as counsel due to failure to maintain communication.

**ORIGINAL**

granted sole legal and physical custody over the parties' minor child – G.C.A. (DOB: 2/13/2005). On October 24, 2014, the Court held a bench trial and thereafter issued Findings of Fact and Conclusions of Law ("Findings") which stated as follows:

> Plaintiff is awarded full physical custody of G.C.W. Defendant is entitled to no fewer than four hours of supervised visitation a week on Saturday or Sunday at Erica's House or a place agreed upon by both parties. [Defendant] is also ordered to fully comply with any and all terms and conditions imposed in his criminal case, CF 0598-14. The parties shall have joint legal custody over G.C.W.

(Findings of Fact and Conclusions of Law at 6, Feb. 4, 2015.) The custody provisions were incorporated into a judgment that was entered on September 19, 2017. (<u>See</u> Judgment, Sep. 19, 2017.)

On November 14, 2017, Plaintiff filed a Motion to Modify Custody requesting that she be granted sole legal and sole physical custody of the parties' minor child. (Mot. to Modify Custody at 4, Nov. 14, 2017.) In a Declaration accompanying her motion, Plaintiff stated that modification was proper due to her impending relocation with her husband to the country of Bahrain because of his employment with the Department of Defense. (Pl.'s Decl. at ¶ 5, Nov. 14, 2017.) Defendant did not file an opposition to the motion.

A hearing on the Motion to Modify Custody was held on January 10, 2018. Defendant was not present at the hearing to contest the modification. Subsequently, the Court took the matter under advisement.

## DISCUSSION

The sole question before the Court is whether to grant Plaintiff's Motion to Modify Custody. When there is "at issue a dispute as to the custody of a minor child, the court may, during the minority of the child, make such order for the custody of such minor child as may seem necessary or proper." 19 G.C.A. § 8404(a). In determining what is necessary or proper, the Court considers, first and foremost, "the best interest of the child," and evidence relevant to various factors enumerated in 19 G.C.A. § 8404(a)(8). <u>See</u> <u>Howerton v. Howerton</u>, 2004 Guam

8 ¶ 24 (finding that the factors provide "guidance" even where the parents share custody); Lanser v. Lanser, 2003 Guam 14 ¶¶ 8, 16.

In considering the best interests of the child, there is a preference for joint custody. Flores v. Cruz, 1998 Guam 30 ¶ 11 ("[T]he legislature [has an] underlying policy that whenever possible, the sanctity of family life should be preserved by the inclusion of both parents in the lives of their children."). Joint custody has been clarified by the Supreme Court of Guam ("Supreme Court") as being comprised of both legal custody and physical custody. Howerton, 2004 Guam 9 ¶ 11 (citations omitted). The Supreme Court went on to define legal custody as, "the right and obligation to make long range decisions involving education, religious training, discipline, medical care, and other matters of major significant concerning the child's life and welfare," and physical custody as, "the right and obligation to provide a home for the child and to make the day-to-day decisions required during the time the child is actually with the parent having custody." Id. at ¶¶ 12-13 (citations omitted).

As noted by the Supreme Court, however, "[j]oint custody . . . does not require that each parent have equal time with the child." Lanser, 2003 Guam 14 ¶ 13; see also 19 G.C.A. § 8404(h) (Equal visitation time is preferred on the condition that, *inter alia*, the "proposed visitation is not found by the court, on evidence presented, to be injurious to the welfare of the child."). Although equal time between parents is the preferred arrangement when awarding joint physical custody, "the preference for equal time is [] secondary to the best interests of the child." Howerton, 2004 Guam 9 ¶ 11.

Furthermore, in circumstances involving modifications of an existing child custody arrangement, there must "generally be a pervasive showing of changed circumstances affecting the child."[2] Lanser, 2003 Guam 14, n. 2 (citing In Re Marriage of Carney, 598 P.2d 36, 38 (Cal.

---

[2] The changed circumstances rule, as adopted in Lanser, "is not a different test, devised to supplant the statutory test, but an adjunct to the best-interest test. It provides, in essence, that once it has been established that a particular custodial arrangement is in the best interests of the child, the court need not reexamine the question. Instead, it should preserve the established mode of custody unless some

1979); <u>see also</u> <u>Quenga v. Roberto</u>, Case No. DM0610-13, *Decision & Order on Motion to Modify Custody* (March 30, 2006) (applying "changed circumstances" standard). The changed circumstances must be substantial such that custody will not be disturbed "unless the material facts and circumstances occurring subsequently are of a kind to render it essential or expedient for the welfare of the child that there be a change." <u>In Re Marriage of Carney</u>, 598 P.2d at 38.

Here, the current custody arrangement allowing for sole legal custody by the Plaintiff with Defendant having visitation was based on the parties living in this jurisdiction. Due to Plaintiff's impending relocation, it is clear to the Court that there exists a "pervasive showing of changed circumstances affecting the child" that warrants modification of the existing custody arrangement, as contained in the Judgment. <u>Lanser</u>, 2003 Guam 14, n. 2.

In determining that modification is warranted and in applying the aforementioned standards for determining custody, the Court finds that it is in the child's best interest for Plaintiff to have sole legal and physical custody of G.C.W. at all times with Defendant having reasonable visitation should the parties be living in the same jurisdiction. Such an arrangement would provide a stable, consistent, and familiar environment for G.C.W., which would be in his best interest considering that Defendant has not made requests for visitation nor had any interaction with the child since his arrest in November 2014 relative to CF0598-14. (Pl.'s Decl. at ¶ 4, Nov. 14, 2017.)

The Court further notes that Defendant has not shown any interest in providing for G.C.W.'s moral, physical, mental, and educational needs given his failure to make contact with the child over the last three years. Moreso, Defendant failed to provide any evidence to the Court to support any type of custody arrangement, even one which would have allowed decision-making in matters involving the child's life and welfare. Therefore, the Court believes that an arrangement whereby the parties share custody would not be in G.C.W's best interest as

---

significant change in circumstances indicates that a different arrangement would be in the child's best interest." <u>Montenegro v. Diaz</u>, 27 P.3d 289, 294 (Cal. 2001).

it would be harmful and injurious to his well-being considering the care and guidance consistently being provided by Plaintiff and the lack of evidence on Defendant's part demonstrating or attesting to his capabilities as a parent.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff's Motion to Modify Custody. Accordingly, Plaintiff shall have sole legal and physical custody of G.C.W. at all times with Defendant having reasonable visitation – consistent with the Judgment – should the parties live in the same jurisdiction.

**IT IS SO ORDERED** on this 29th day of January, 2018.

_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of: _John Alck_
_Arriola_
Date: _1/29/18_ Time: _4pm_
**DAVILYNN S. PEREZ**
Deputy Clerk, Superior Court of Guam